**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2150**

WILLIAM C. BOND,

       Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

       Defendant - Appellee,

    and

JOHNNY L. HUGHES, United States Marshal; KEVIN PERKINS, Special Agent
in Charge; ROD J. ROSENSTEIN, United States Attorney; UNKNOWN NAMED
MARYLAND U.S. JUDGES,

       Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
David A. Faber, Senior District Judge.  (1:16-cv-02723-DAF)

Submitted:  July 30, 2018                                    Decided:  August 2, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard A. Posner, OFFICE OF RICHARD POSNER, Chicago, Illinois; Matthew J.
Dowd, DOWD PLLC, Washington, D.C., for Appellant.  Robert K. Hur, United States

Attorney, Matthew P. Phelps, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William C. Bond has noted an appeal from the district court's April 12, 2017, opinion and order dismissing his civil action, its May 23, 2017, order denying his post-judgment motion to reopen the case and file an amended complaint, and its August 1, 2017, order denying his second post-judgment motion to reopen the case and file an amended complaint. Bond confines his appeal to challenging the district court's denial in the August 1 order of the second motion to amend. We affirm.

A district court may not grant a post-judgment motion to amend a complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Id.* at 471. That is, the "court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Id.* (internal quotation marks omitted). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Id.* (internal quotation marks and alteration omitted).

3

We review for abuse of discretion a district court's decision to deny a motion to amend a complaint. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013). "A district court abuses its discretion by resting its decision on a clearly erroneous finding of a material fact, or by misapprehending the law with respect to underlying issues in litigation." *Id.* (internal quotation marks omitted).

The district court's April 12 opinion and order dismissed Bond's initial complaint brought pursuant to *Bivens v. Six Unkown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on the bases that: the complaint failed to state claims for relief; jurisdiction was lacking over Bond's claims against Defendants in their official capacities; Bond lacked standing to bring a claim for a violation of the First Amendment; qualified immunity barred Bond's constitutional claims; and, to the extent Bond was bringing any claims under the Federal Tort Claims Act, those claims were barred on account of his failure to exhaust administrative remedies. The August 1 order denied Bond's second motion to amend "[f]or the reasons expressed in" the April 12 opinion.

Bond argues that the district court abused its discretion by denying his second motion to amend without providing a relevant justification for doing so. After review of the record and the parties' briefs, we reject this contention as without merit. "As long as a district court's reasons for denying leave to amend are apparent, its failure to articulate those reasons does not amount to an abuse of discretion." *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) (internal quotation marks omitted). The August 1 order does not explicitly state whether Bond's second motion to amend was being denied for prejudice, bad faith, or futility. Nevertheless, given that the August 1 order

4

relies on the rationales articulated in the April 12 opinion, we conclude that the only relevant basis for its decision was a determination that the proposed second amended complaint was futile. *See Katyle*, 637 F.3d at 471; *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (upholding denial of leave to amend where proposed amendments could not withstand motion to dismiss). Because the district court's rationale-futility-for denying the second motion to amend was apparent in light of the August 1 order's reliance on the April 12 opinion, the district court's failure to specifically articulate that rationale does not amount to an abuse of discretion.

Bond also contends that the First Amendment violation asserted in the proposed second amended complaint was not futile because his allegations satisfied his obligation to establish his standing by alleging an injury in fact. In cases raising claims alleging violations of the First Amendment, injury in fact may be established by a showing of "self-censorship, which occurs when a claimant is chilled from exercising h[is] right to free expression." *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013) (internal quotation marks omitted). This chilling effect, however, "cannot 'arise merely from the individual's knowledge that a governmental agency was engaged in certain activities or from the individual's concomitant fear that, armed with the fruit of those activities, the agency might in the future take some *other* and additional action detrimental to that individual.'" *Id.* at 236 (quoting *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). In other words, "[s]ubjective or speculative accounts" of a chilling effect or "allegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Id.* (internal quotation marks and alterations omitted).

5

The chilling effect must have some objective manifestation and be "objectively reasonable." *Id.*

We conclude after review of the record and the parties' briefs that Bond's bare assertions in the proposed second amended complaint that he curtailed or diluted his First Amendment activity do not amount to sufficient allegations that he suffered an objective harm to his rights under that Amendment. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (in evaluating whether to dismiss complaint for lack of jurisdiction, a court is to take as true facts alleged in complaint, as it would do in evaluating whether to dismiss for failure to state a claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (noting that "bare assertions" and "formulaic" recitations of elements of claims are conclusory and thus not entitled to be assumed true when a court is deciding whether to dismiss for failure to state a claim). We thus find no abuse of discretion by the district court in its denial as futile of Bond's second effort to amend his claim for a violation of the First Amendment.

We also reject as without merit Bond's remaining arguments in support of overturning the district court's judgment. Bond's suggestions that the district court ignored new allegations in the proposed second amended complaint and failed to consider the exhibits appended to this complaint find no support in the record. We also reject as lacking in any merit Bond's contentions that the district court erred by failing to liberally construe the proposed second amended complaint and that the Defendants named in this complaint were not protected by qualified immunity. We further deem abandoned Bond's summarily-made contention that his proposed second amended complaint was not

6

futile because it was not presented in accordance with Fed. R. App. P. 28(a)(8)(A). *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*